757 P.2d 247

STATE of Idaho, Plaintiff–Respondent,

v.

Kenneth BUZZARD, Defendant–Appellant.

Nos. 16692, 17179.

Court of Appeals of Idaho.

June 22, 1988.

---

Charles B. Lempesis, Post Falls, Susan K. Servick, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Kenneth Buzzard was convicted of second degree murder. He was sentenced to the custody of the Board of Correction for an indeterminate period not to exceed twenty years. On direct appeal, we affirmed the judgment of conviction. *State v. Buzzard,* 110 Idaho 800, 718 P.2d 1238 (Ct.App. 1986) (hereinafter cited as *Buzzard I*). In that appeal, Buzzard did not raise any issue with regard to his sentence. He later filed a motion under Idaho Criminal Rule 35, seeking reconsideration of his sentence. That motion was denied by the district court after a hearing. Buzzard appeals again, contending the denial of his Rule 35 motion was an abuse of the court's discretion. We affirm.

Preliminarily, we note this case is the result of a consolidation of two appeals brought by Buzzard with respect to the denial of his Rule 35 motion. At the time Buzzard was sentenced, I.C.R. 35 included a provision allowing a defendant to apply for a reduction of his sentence within 120 days from receipt of an appeal remittitur. However, while Buzzard's direct appeal from his judgment of conviction was pending, Rule 35 was amended to delete the post-appeal provision. When Buzzard filed his Rule 35 motion, within 120 days after the judgment of conviction was affirmed on appeal, the district court denied Buzzard's motion to reduce the sentence, holding that the court lacked jurisdiction to consider the motion because the motion had been filed more than 120 days after the sentence was imposed (evidently relying on the amendment to Rule 35). Buzzard filed a notice of appeal from that determination. He sought to challenge the district court's ruling that it lacked jurisdiction. The appeal was assigned no. 16692 by the Supreme Court. Thereafter, in the course of that appeal, the state filed a motion with the Supreme Court to remand the case in order to allow the district court to decide Buzzard's Rule 35 motion on its merits. The Supreme Court granted the state's motion and ordered suspension of further proceedings in appeal no. 16692. Following the district court's subsequent denial of Buzzard's motion, Buzzard filed another notice of appeal. That appeal was assigned no. 17179. The Supreme Court then entered an order consolidating both appeals.

As noted, in appeal no. 16692 Buzzard challenged the district court's conclusion that it lacked jurisdiction because of the amendment to Rule 35. That ruling appears to have become moot in light of the remand order from the Supreme Court. The sole issue now before us is the issue raised in appeal no. 17179: whether the district court abused its discretion in denying relief on the motion, after a hearing, following the remand in no. 16692.

The facts surrounding the murder conviction need not be set forth at length. They are fully described in our prior decision in *Buzzard I.* In summary, Buzzard was found guilty of stabbing another man to death during an argument while the two had been consuming beer.

In support of his motion to reduce the sentence under Rule 35, Buzzard pointed out that the crime had occurred when his judgment was impaired by the use of alcohol. Buzzard represented that during his incarceration in the penitentiary, he had enrolled in and completed the institution's

drug and alcohol rehabilitation program. His activities at the prison had been without disciplinary incident; he had learned a new trade—carpentry—and had been steadily employed at the institution. He claimed family support and a place to live in the State of Maine upon his release from custody.

Presented with this information, the district court nevertheless denied Buzzard's motion. The court recognized there were mitigating circumstances surrounding the homicide—impairment because of alcohol, and provocation by the victim. However, the court disclosed that these circumstances were considered at the time Buzzard's sentence was imposed. The judge explained that he took those matters into account in deciding not to impose a life sentence or a fixed sentence. With respect to Buzzard's exemplary performance while in prison, the judge indicated that he expected "people who are in the penitentiary to do well;" that there should not be "disciplinary write-ups, or things of that nature."

█ When we review the denial of a Rule 35 motion, we begin with the understanding that such a motion is addressed to the sound discretion of the lower court. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976). The motion essentially is a plea for leniency which may be granted if the sentence originally imposed was, for any reason, unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The judge may consider facts presented at the original sentencing as well as any other information concerning the defendant's rehabilitative progress in confinement. *State v. Torres*, 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984). On appeal, we similarly examine the record of the original sentencing when such a record is provided to us, together with information subsequently presented in support of the Rule 35 motion. *State v. Yarbrough*, 106 Idaho 545, 681 P.2d 1020 (Ct.App.1984). The criteria for evaluating a judge's refusal to reduce a sentence are the same as those applied in determining whether the original sentence was excessive. *See State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

█ We have not been provided with a transcript of the sentencing proceeding or with a copy of the presentence investigation report prepared for consideration by the district court when Buzzard's sentence was imposed. We are thus left only with the record produced at the Rule 35 hearing, without the full background of the court's reasons for the imposition of the sentence. The court's comments on denying the Rule 35 motion indicate the court had anticipated, when imposing the sentence, that Buzzard would serve in custody at least one-third of the indeterminate twenty-year term. *See State v. Toohill, supra.* We are not persuaded the sentence was unreasonable. Buzzard's motion and supporting evidence fail to demonstrate any undue severity in his sentence.

Although at the Rule 35 hearing, Buzzard showed rehabilitative progress during confinement, "[r]ehabilitation is but one of several objectives considered in formulating an appropriate sentence. Other factors include deterrence, retribution and the protection of society." *State v. Rundle*, 107 Idaho 936, 938, 694 P.2d 400, 402 (Ct.App. 1984). Where we are unable to determine from the appellate record how these sentencing objectives were applied during the proceeding when a sentence was imposed, we decline to presume error that the record fails to show. *Id.* Under those circumstances, we consequently also decline to hold the district court abused its discretion in denying a Rule 35 motion. *Id.*

Having reviewed all the information available, we conclude that the district court did not abuse its discretion in denying Buzzard's Rule 35 motion. Accordingly, the twenty-year indeterminate sentence and the order denying the Rule 35 motion are affirmed.