805 P.2d 498

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Donald Leroy WARGI,
Defendant–Appellant.**

**No. 18267.**

Court of Appeals of Idaho.

Feb. 7, 1991.

---

He was sentenced to the custody of the Board of Correction for a term of ten years, with a minimum period of confinement of three years. The district court retained jurisdiction for one hundred and eighty days pursuant to I.C. § 19–2601(4). At the end of that period, the court relinquished its jurisdiction. A motion by Wargi to reconsider the order relinquishing jurisdiction was denied, as was a subsequent motion to reduce his sentence. Wargi appeals, contending that his sentence was an abuse of discretion; that the court erred in relinquishing jurisdiction; that the court should have granted his motion to reconsider the relinquishment of jurisdiction; and that the court abused its discretion in not reducing the sentence. For the following reasons, we affirm.

■ We first must define the scope of review in this case. Wargi's judgment of conviction was filed on July 25, 1988. Under Idaho Appellate Rule 14, the period for appealing from the judgment was enlarged by the length of time the district court retained jurisdiction, causing the forty-two day period within which to appeal to commence on the date the court relinquished its jurisdiction, January 16, 1989. The notice of appeal in this case was filed on August 29, 1989, well beyond the forty-two days after January 16, 1989. Consequently, we cannot review the propriety of the judgment of conviction, and the sentence imposed, due to lack of jurisdiction as the result of an untimely appeal. The same result obtains with respect to the order on March 6, 1989, denying Wargi's motion to reconsider the court's relinquishment of jurisdiction.

■ Wargi's motion to reduce his sentence was filed on April 4, 1989, within one hundred and twenty days after the court relinquished its jurisdiction. The motion was timely filed under I.C.R. 35. The order denying the motion was filed on July 24, 1989, and Wargi's notice of appeal was filed within forty-two days, on August 29, 1989. As a result, we are left with a review of the court's order denying Wargi's motion to reduce his sentence—the

Gregory A. Jones, Kootenai County Public Defender, Tim H. Gresback, Deputy Public Defender, Coeur d'Alene, for appellant.

Larry J. Echohawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Donald Wargi pled guilty to lewd conduct with a minor child. I.C. § 18–1508.

only action of the district court from which a timely appeal was taken.

Wargi's motion under I.C.R. 35 was a plea for leniency, addressed to the sound discretion of the sentencing court. *State v. Forde,* 113 Idaho 21, 740 P.2d 63 (Ct.App. 1987). In determining such a motion, the judge may consider facts presented at the original sentencing as well as any other information concerning the defendant's rehabilitative progress while in confinement. *State v. Snapp,* 113 Idaho 350, 743 P.2d 1003 (Ct.App.1987). On appeal, we will similarly examine the record of the sentencing proceeding together with the information subsequently provided in support of the motion. *State v. Buzzard,* 114 Idaho 384, 757 P.2d 247 (Ct.App.1988). In reviewing the exercise of the sentencing court's discretion in denying a Rule 35 motion, we apply the same criteria as those followed in determining whether the original sentence was reasonable. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984).

Wargi's crime consisted of fondling the vaginal area of his nine-year old stepdaughter. The incident was not an isolated occurrence. Wargi's presentence report indicates that he had engaged in similar behavior on several occasions, with other minor girls. He was psychologically diagnosed as a pedophiliac. In imposing the ten-year sentence, with a minimum period of confinement of three years, the sentencing judge determined that the sentence imposed was necessary for the protection of society and the deterrence of similar crimes in the future. He also considered the possibility of rehabilitation and the aspect of punishment or retribution. At the hearing on his motion to reduce his sentence, Wargi presented evidence that his rehabilitation progress was being impeded because of an alleged lack of available treatment or therapy in the Idaho penal system. The court accepted that representation, but nonetheless concluded that Wargi's sentence should remain unaltered. The court noted:

> The information presented by Wargi with this motion is substantially the same as that presented in the Pre-Sentence Investigation. All of these factors and the four objectives of sentencing, protection of society, deterrence, rehabilitation, and punishment, were considered when the original sentence was imposed.
>
> The sentence imposed on July 21, 1988, was and is an appropriate sentence given Wargi's psychological make up and the crime for which he was sentenced. A lesser sentence would depreciate the seriousness of Wargi's crimes [sic]. While Wargi continues to need treatment, I conclude that the sentence imposed was and is necessary for the protection of society. I further conclude that the other objectives of sentencing can best be met if the sentence imposed is not altered.

Wargi argues that the sentencing judge should have placed him on probation under a suspended sentence to allow treatment inasmuch as continued incarceration would diminish his chance of eventual rehabilitation. However, we note that rehabilitation—important as it may be—is not the sole objective of our criminal justice system. *Lopez* at 450–51, 680 P.2d at 872–73. A sentence of confinement is not rendered unreasonable simply because it will have an arguably negative effect on a prisoner's rehabilitation. *See State v. Seiber,* 117 Idaho 637, 642, 791 P.2d 18, 23 (Ct.App. 1990).

We have considered Wargi's sentence under the criteria set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982) and *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). We conclude that the sentence is not unreasonable. Further, having reviewed all the information presented both at the original sentencing and at the subsequent motion for reduction, we hold that the district court did not abuse its discretion in denying Wargi's Rule 35 motion. Accordingly, the order denying the motion for reduction of Wargi's sentence is affirmed.

SWANSTROM, J., concurs.

SILAK, Judge, specially concurring.

I concur in the foregoing decision, but would add to this opinion the observation

made in the trial court's order denying Wargi's Rule 35 motion:

> This case clearly reflects the dilemma presented by sexual abuse cases. The victim and the public generally want the defendant locked up until he is "cured." The professional sexual abuse therapists believe that incarceration is a great impediment to treatment and recovery and therefore urge a probationary program coupled with therapy. The goal of rehabilitation is caught in a "catch 22" situation.

In support of his Rule 35 motion, Wargi submitted the report of his private therapist in which the therapist stated that Wargi's prognosis "remains guarded due to the fact that he is currently without the benefit of treatment." Whether the availability of treatment has changed is outside the record before us.

Under I.C. § 20–223, the Commission of Pardons and Parole may not release a person convicted of lewd and lascivious conduct with a minor, as was Wargi, except upon consideration of an examination and evaluation of the inmate by one or more psychiatrists or psychologists selected by the Commission. In view of the fact that Wargi's therapist gave him a guarded prognosis for improvement without treatment, only appropriate treatment within the institution will make Wargi a good candidate for parole. Absent treatment, it seems likely that the Commission will require Wargi to serve his full sentence of ten years. Although a sentence of ten years' incarceration without treatment may accomplish the goals of protecting society, retribution and deterrence, it does nothing to rehabilitate a person with Wargi's psychological problems.