920 P.2d 82

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Sergio PAYAN, Defendant–Appellant.**

No. 21779.

Court of Appeals of Idaho.

July 12, 1996.

Raymundo G. Pena, Rupert, for appellant.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General (argued), Boise, for respondent.

PERRY, Judge.

Sergio Payan appeals from a judgment of conviction for trafficking in a controlled substance and principal to trafficking in a controlled substance. I.C. §§ 37–2732B(a)(2)(A); –2732B(a)(1)(B). Payan filed an untimely notice of appeal, and we dismiss.

## I.

### FACTS AND PROCEDURE

Payan was charged with trafficking in a controlled substance and principal to trafficking in a controlled substance following a sale of drugs to an undercover officer in Blaine County. Payan went to trial and a jury found him guilty of both charges. The district court imposed concurrent sentences of ten years, with minimum periods of incarceration of five years. The judgment of conviction was entered on November 1, 1994, as indicated by the district court's filing stamp. Payan's trial counsel moved for leave to withdraw, and the motion was granted on November 23, 1994. Payan's current counsel was appointed to represent him on December 1, 1994. Payan filed by facsimile a notice of appeal from the judgment of conviction on December 14, 1994. The district court entered an amended judgment of conviction on February 1, 1995, which added the provision that Payan "receive credit for Three Hun-

dred Twenty (320) days for time served in the Blaine County Jail." All other terms of the sentence remained unchanged from the original judgment. Payan filed a pro se I.C.R. 35 motion for reduction of his sentences on February 17, 1995.

## II.

## ANALYSIS

█ Pursuant to Idaho Appellate Rule 21, failure to file a notice of appeal with the clerk of the district court within the time limits prescribed by the appellate rules deprives the appellate courts of jurisdiction over the appeal. Idaho Appellate Rule 14 provides, in part:

> Any appeal ... may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order or decree of the district court appealable as a matter of right in any civil or criminal action.

Payan's notice of appeal was filed on the forty-third day after the judgment of conviction was entered. Pursuant to I.A.R. 21 and I.A.R. 14 Payan's appeal is untimely, and we therefore lack jurisdiction to address the substantive issues. *State v. Fuller,* 104 Idaho 891, 665 P.2d 190 (Ct.App.1983).

█ Payan argues that, because the district court eventually entered an amended judgment of conviction, his notice of appeal was premature rather than untimely, and this Court has jurisdiction over the appeal. Idaho Appellate Rule 17(e)(2), which allows premature filing, provides:

> A notice of appeal filed from an appealable judgment, order or decree before formal written entry of such document shall become valid upon the filing and the placing the stamp of the clerk of the court on such appealable judgment, order or decree, without refiling the notice of appeal.

The language in Rule 17 applies where the trial court rules orally, the notice of appeal is then filed and the trial court subsequently enters a written judgment. *See Hawley v.*

*Green,* 124 Idaho 385, 388, 860 P.2d 1, 4 (Ct.App.1993); *but cf. Meridian Bowling Lanes, Inc. v. Meridian Athletic Assoc., Inc.,* 105 Idaho 509, 511, 670 P.2d 1294, 1296 (1983). Hence, I.A.R. 17(e)(2) should not be interpreted to allow an untimely filing from the original judgment of conviction to be made timely by a later amendment to the judgment of conviction.

█ The appeal in this case was filed more than forty-two days after the original judgment of conviction which contained all the terms that Payan now challenges. The amendment to the judgment only added the credit for time served and did not otherwise change the terms of the original judgment. Payan does not assert that the district court committed any error with regard to the calculation of the credit given for time served in the post-judgment amendment. Therefore, although an alteration was made to the judgment of conviction, it is of no consequence for the purposes of this appeal and will therefore not be interpreted to toll the appeal period.

The appellate rules do not specifically provide that when a trial court adds language to a judgment, concerning matters such as credit for time served or an order of restitution, the addition commences the appeal period anew for all purposes. We decline to adopt such a procedure through interpretation of the rules. If the district court had issued an "order" granting Payan credit for time served, that order would not properly initiate a new appeal period for any of the unaffected terms in the original judgment. The fact that the district court achieved the same end through an "amended judgment" rather than an "order" is a difference without a distinction. The period of appeals for all criminal defendants in this state must be enforced uniformly. The district court's issuance of an amended judgment, which did not alter any of the terms from which Payan now appeals, did not serve to extend the period for filing an appeal or begin that period anew. Consequently, direct review of the judgment of conviction and sentence is precluded. *State v. Wargi,* 119 Idaho 292, 805 P.2d 498 (Ct.App.1991).[1]

1. We recognize that upon a proper showing of

ineffective assistance of counsel in a post-convic-

■ Payan filed a I.C.R. 35 motion to reduce his sentence. The filing of a Rule 35 motion can, in certain circumstances, extend the period for filing an appeal. I.A.R. 14. However, Payan filed his motion more than fourteen days after the original judgment of conviction was filed, and a motion to reduce a sentence which is not filed within fourteen days of the judgment of conviction will not toll the appeal period. *See State v. Hickman*, 119 Idaho 7, 802 P.2d 1219 (Ct.App. 1990). Therefore, Payan's Rule 35 motion did not toll the period for filing an appeal in his case.

Accordingly, the appeal is dismissed.

WALTERS, C.J., and LANSING, J., concur.

---

tion proceeding, a direct appeal from Payan's conviction eventually may be pursued. *State v. Dillard*, 110 Idaho 834, 718 P.2d 1272 (Ct.App. 1986); *Flores v. State*, 104 Idaho 191, 657 P.2d 488 (Ct.App.1983). However, any opinion by us regarding that procedure would be premature at this time.