**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 32179**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2009 Opinion No. 40** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 26, 2009** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ALBERT A. CICCONE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Michael E. Wetherell, District Judge.

Appeal <u>dismissed</u> for lack of jurisdiction.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant. Erik R. Lehtinen argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

_____

GUTIERREZ, Judge

Albert A. Ciccone appeals from the judgment of conviction entered upon jury verdicts finding him guilty of first degree murder in regard to his wife and second degree murder in regard to her unborn child. We dismiss his appeal, because it is untimely.

**I.**

**FACTS AND PROCEDURE**

At trial, the state presented evidence that on October 16, 2003, Ciccone struck his pregnant wife, Kathleen Ciccone, with his vehicle as she walked away from him following an argument. As a result of the collision, she suffered multiple head fractures and she and her unborn child died at the scene. Ciccone was charged with two counts of first degree murder for the killing of Kathleen, Idaho Code §§ 18-4001, 4002, 4003, and her unborn child, I.C. §§ 18-4001, 4002, 4003, 4016. At the conclusion of the trial, the jury found Ciccone guilty of first degree murder of Kathleen and second degree murder of her unborn child. The court thereafter

1

imposed a determinate life sentence for the first degree murder conviction and a concurrent determinate fifteen-year sentence for his conviction of second degree murder. The sentencing hearing was held on June 7, 2005, and the district court judge signed the judgment the same day. The register of actions indicates that the judgment also was filed on June 7. However, the judgment was given a file stamp with a handwritten date indicating the date it was filed as May 7, 2005. The district court subsequently issued an amended judgment, which was file-stamped June 21 and signed by the district court judge on the same day. The only change between the original and amended judgment concerns the date of the file stamp. On August 2, 2005, exactly forty-two days after the amended judgment was entered, Ciccone filed a notice of appeal.

## II.

## ANALYSIS

To be timely, a notice of appeal must be filed within forty-two days from the "date evidenced by the filing stamp of the clerk of the court on any judgment . . . of the district court appealable as a matter of right . . . ." Idaho Appellate Rule 14(a). Despite the fact that his notice of appeal was filed over forty-two days after the initial judgment of conviction was actually filed in the case, Ciccone contends that his appeal is timely from the date the amended judgment of conviction was filed.

The failure to file a notice of appeal within the timelines prescribed by the Idaho Appellate Rules is "jurisdictional, and shall cause automatic dismissal of such appeal or petition, upon the motion of any party, or upon the initiative of the Supreme Court." I.A.R. 21. In general, the district court's issuance of an amended judgment that does not alter any of the terms from which the defendant is appealing, does not serve to extend the period for filing an appeal or begin that period anew. *State v. Payan*, 128 Idaho 866, 867, 920 P.2d 82, 83 (Ct. App. 1996).

Ciccone argues, however, that the general rule from *Payan* does not apply when, as here: (1) the initial judgment contains an erroneously dated file stamp, because the error precludes that judgment from being entered, thereby making it void, and (2) the alteration in the amended judgment specifically begins anew the time to appeal.

We are not persuaded by Ciccone's argument that an incorrectly dated file stamp serves to void an otherwise valid judgment. Idaho Criminal Rule 36 provides that "clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court

2

orders." Because the rule provides for correction of clerical errors it therefore follows that a patent clerical error on the face of the document will not operate to void a judgment. In this case, it was clear that the handwritten file stamp date was erroneous as it was a date occurring a month before the sentencing hearing (which took place on June 7, 2005) and it was in conflict with the date written by the judge above his signature (June 7, 2005), the filing date for the judgment as listed in the district court's register of actions (June 7, 2005) and the date written by the deputy court clerk above her signature on the certificate of mailing (June 8, 2005). *See State v. Bacon*, 117 Idaho 679, 791 P.2d 429 (1990) (holding that merely having different or incorrect case numbers on the complaint or pleadings as the result of a clerical error is not sufficient cause to invalidate the complaint, especially where there is only one event giving rise to the charges contained in all pleadings and the defendant did not suffer prejudice).

Likewise, Ciccone's contention that *Payan* does not apply where an alteration in an amended judgment changes the time in which to appeal is unavailing. He argues that because the change made in the amended judgment and commitment was the basis of his ability to appeal, the general rule articulated in *Payan* does not apply. However, in *Payan*, this Court's holding was that an amended judgment extended only the time to appeal where it altered terms which the defendant was appealing--not where an amended judgment altered the time for a defendant to appeal. In that case, the only alteration in the amended judgment was the inclusion of a provision that Payan received credit for a certain number of days served in jail. We stated that:

> If the district court had issued an "order" granting Payan credit for time served, that order would not properly initiate a new appeal period for any of the unaffected terms in the original judgment. The fact that the district court achieved the same end through an "amended judgment" rather than an "order" is a difference without a distinction. The period of appeals for all criminal defendants in this state must be enforced uniformly. The district court's issuance of an amended judgment, which did not alter any of the terms from which Payan now appeals, did not serve to extend the period for filing an appeal or begin that period anew. Consequently, direct review of the judgment of conviction and sentence is precluded. . . .

*Payan*, 128 Idaho at 867, 920 P.2d at 83.

With exception of the dates of the file stamp and the court's signature, the amended judgment is identical to the original judgment and did not alter any of the terms from which Ciccone now appeals. In other words, Ciccone is not appealing the only changed term--the date

of the file stamp on the amended order. Rather, he is appealing several substantive issues--speedy trial, due process, prosecutorial misconduct, and excessive sentence--which he could have raised upon entry of the original judgment that, as noted, the register of court actions indicates was filed on June 7. As in *Payan,* the district court's use of an amended judgment to correct the date stamp instead of issuing an order pursuant to I.C.R. 36 is a difference without distinction. Thus, the notice of appeal, filed fifty-six days from when the initial judgment and commitment was entered, is untimely as to those issues.[1] We dismiss this appeal, therefore, for lack of jurisdiction.

Chief Judge LANSING and Judge PERRY **CONCUR**.

---

[1]     We have held that a defendant may be excused from jurisdictional time limitations where the delay was caused by "misleading conduct by the state." *State v. Joyner*, 121 Idaho 376, 379, 825 P.2d 99, 102 (Ct. App. 1992). However, nothing in the record indicates that the clerical error occurring here actually misled Ciccone as to the time he had to appeal. As we indicated above, the original written file stamp date was quite clearly erroneous--given the date that the sentencing hearing occurred, that the judge signed the document, that was found on the certificate of mailing, and finally, that was indicated as the filing date in the register of actions.

4