**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 41997/41998**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Opinion No. 103 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: December 10, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN HUEY DANIELS, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. D. Duff McKee, District Judge. Hon. Brian D. Lee, Magistrate. Hon. Karen J. Vehlow, Magistrate.

Order of the district court dismissing appeal (Docket No. 41997), reversed and case remanded; order of the district court dismissing appeal (Docket No. 41998), affirmed.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for respondent. Ben P. McGreevy argued.

_____

GRATTON, Judge

A criminal complaint against John Huey Daniels was dismissed by a magistrate after the preliminary hearing. The State refiled the complaint and a second magistrate again dismissed the complaint following a preliminary hearing. The State appealed both orders to the district court and the district court dismissed the appeals. The district court determined that the State could not appeal the dismissal of a complaint at the preliminary hearing stage.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2009, the State filed a complaint charging Daniels with one count of damage to or destruction of insured property (Docket No. 41997). Idaho Code §§ 41-294; 18-204. Daniels allegedly arranged to have a friend's minivan set on fire so the friend could collect the insurance

1

money, although he did not personally set the fire. The complaint alleged that the crime occurred in April 2008. Although an arrest warrant was issued the same day the complaint was filed, Daniels was not arrested until September 2013.

At the preliminary hearing held in November 2013, the magistrate dismissed the complaint upon a finding of no probable cause. On the same day, the State refiled the complaint bringing the same charge (Docket No. 41998). Following a preliminary hearing in December 2013, a different magistrate dismissed the complaint because the statute of limitations had run.[1]

The State appealed to the district court from both orders of dismissal. The district court subsequently issued conditional notices of dismissal in both cases, raising the question of whether the State had the right to appeal from a dismissal following a finding of no probable cause at a preliminary hearing. The State asserted that the appeal should proceed because the statute of limitations would bar subsequent prosecution of the alleged crime, leaving the State without the ability to refile the case. The district court rejected the State's argument and dismissed the appeals for lack of jurisdiction. The State timely appeals.

## II.

## ANALYSIS

When an appeal is taken from a non-appealable order, it should be dismissed--if not by motion of one of the parties, by the court itself--for lack of jurisdiction. *Highlands Dev. Corp. v. City of Boise*, 145 Idaho 958, 960, 188 P.3d 900, 902 (2008). Whether a court lacks jurisdiction is a question of law over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).

The Idaho Criminal Rules allow parties to appeal certain orders issued by a magistrate, including an "order granting a motion to dismiss a complaint." Idaho Criminal Rule 54.1(c). On its face, this rule appears to allow a party to appeal *any* order dismissing a complaint. However,

---

[1] The five-year statute of limitations applicable here, Idaho Code § 19-402, would have run in April 2013.

the Idaho Supreme Court has interpreted the rule more narrowly in order to give effect to the provisions of related rules. *See State v. Ruiz*, 106 Idaho 336, 678 P.2d 1109 (1984).[2]

In *Ruiz*, the State appealed the magistrate's order dismissing the criminal complaint upon finding that the State had not shown probable cause that the accused had committed the crimes charged. *Id*. at 336, 678 P.2d at 1109. The district court dismissed the appeal as being unauthorized. *Id*. The district court noted that the State would not be prevented from refiling the complaint. *Id*. at 338, 678 P.2d at 1111. The Idaho Supreme Court held that a magistrate's order dismissing a criminal complaint at the preliminary hearing stage is not appealable when the remedy of refiling is available. *Id*. Noting that its holding was similar to that of the Minnesota Supreme Court,[3] the Idaho Supreme Court stated, "Our limiting the construction of I.C.R. 54(a)[4] as not allowing appeals from a dismissal of a complaint *when the remedy of refiling is available* is not without precedent." *Ruiz*, 106 Idaho at 338, 678 P.2d at 1111. (Emphasis added.) The Supreme Court specifically acknowledged that the applicable statute of limitations and speedy trial concerns would not prevent the refiling in that case. *Id*. The Court stated that the State's ability to refile is "in effect having its assertion of error resolved in a new preliminary hearing." *Id.* at 337, P.2d at 1110.

The issue was revisited by the Idaho Supreme Court in *State v. Loomis*, 146 Idaho 700, 201 P.3d 1277 (2009). In that case, the magistrate dismissed a complaint for aggravated assault after a preliminary hearing on the legal ground that the State was required to prove that the actions of self-defense were not justifiable. *Id*. at 701, 201 P.2d at 1278. The State appealed the dismissal to the district court, which held that the State was not required to prove that the actions of self-defense were not justifiable and remanded the case for a determination as to whether the State had met its burden of showing probable cause. *Id*. Loomis then appealed that order to this Court and, although both parties argued that the holding in *Ruiz* should be relaxed in the context of an appeal of a question of law, we held, "[d]espite the legitimate arguments presented against

---

[2]    The *Ruiz* Court specifically referenced the policy set out in Idaho Criminal Rule 2(a). Rule 2(a) provides, "These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay."

[3]    *State v. Maki*, 192 N.W.2d 811 (Minn. 1971).

[4]    Idaho Criminal Rule 54(a) was later renumbered to I.C.R. 54.1(c).

applying *Ruiz*, we are constrained to follow its precedent" because the State conceded it had the remedy to refile the case before another magistrate. *Id*. at 702, 201 P.3d at 1279.

Subsequently, the State filed a petition for review, which was granted by the Idaho Supreme Court. *Id*. Both the State and Loomis argued that the State should be able to appeal. The State argued that legal rulings by magistrates could evade review, serial refiling may draw accusations of bad faith or malicious prosecution, refiling requires re-arrest, the magistrates may repeatedly misapply the law, and some counties have only one magistrate. *Id*. at 704, 201 P.3d at 1281. Ultimately, the Court rejected all of these arguments. The Court noted that in *Ruiz* it had two options, which were to allow an appeal of any dismissal order, or to "hold that *so long as the State could re-file the complaint before another magistrate*, it had no right to appeal a complaint's dismissal during the preliminary hearing phase." *Id*. at 703, 201 P.3d at 1280. (Emphasis added.) The Court stated: "We adopted the second option." *Id*.

The Supreme Court stated that other jurisdictions are split on how they deal with dismissals of criminal complaints at the preliminary hearing stage, with several states allowing the prosecution to appeal the dismissal (California, Colorado, Kansas, Utah, and Wisconsin), and others not allowing the appeal of a magistrate's dismissal at the preliminary hearing stage (Minnesota and Georgia). *Id*. at 704, 201 P.2d at 1281. The Court stated that it was "not persuaded to depart from our holding in *Ruiz*" and, in so holding, specifically noted that "The State has a remedy available to it after such a dismissal--re-filing the complaint." *Id*.

Here, in dismissing Daniels' appeal, the district court relied on the following statement in *Loomis*: "The better rule is to *strictly prohibit* the State's right to appeal from dismissals of criminal complaints at the preliminary hearing stage so as to prevent lengthy and expensive criminal proceedings and the squandering of public resources." *Id*. (Emphasis added.) It reasoned that while both *Ruiz* and *Loomis* discuss the alternate remedy of refiling by the State, they did not go so far as to say that when the remedy of refiling is not available, the State may appeal from a dismissal of criminal complaints at the preliminary hearing stage. Due to the language in *Loomis*, the district court declined to hold that the State could appeal when it could not refile the complaint.

The State argues that since the holdings in *Ruiz* and *Loomis* limiting the right to appeal are expressly contingent on the ability of the State to refile the complaint, where, as here, the statute of limitations bars the State from refiling, the reasoning of those cases dictates that the

4

State may, then, pursue an appeal. Daniels contends that the "strictly prohibit" language in *Loomis* prohibits any appeal. In addition, he contends that although the prior decisions prohibited the State from appealing when the remedy of refiling was available, it does not logically follow that they stand for the proposition the State may appeal when the remedy of refiling is not available. He further asserts that the concerns of unjustifiable delay and expense expressed in *Ruiz* and *Loomis* should preclude the State from appealing where its lack of action caused the statute of limitations to expire.[5] We agree with the State.

We hold that the State may appeal the dismissal of a complaint at the preliminary hearing stage when the remedy of refiling is not available. Our holding is consistent with the holdings in *Ruiz* and *Loomis*, which foreclose the right to appeal the dismissal of a complaint so long as the remedy of refiling is available. *Ruiz*, 106 Idaho at 338, 678 P.2d at 1111; *Loomis*, 146 Idaho at 704, 201 P.2d at 1281. While the district court relied on the "strictly prohibit" language from *Loomis* in dismissing Daniels' appeal, the *Loomis* Court did not go so far as to prohibit all such appeals. The policy behind the limitations imposed by *Ruiz* and *Loomis* was to require the State to pursue the most expedient remedy available to it; namely, refiling, rather than proceeding through the appellate process. In affirming the *Ruiz* decision, the *Loomis* Court determined that the means to achieving this end is to strictly prohibit the State's right to appeal *so long as the remedy of refiling is available*. *Loomis*, 146 Idaho at 704, 201 P.2d at 1281. The *Loomis* Court did not otherwise modify the application of *Ruiz*. Accordingly, we are constrained to follow the precedent of *Ruiz* and *Loomis*, allowing the State to appeal the dismissal of a complaint when the remedy of refiling is not available and foreclosing the right to appeal when it is.[6]

---

[5]     Daniels argued that he was in fact incarcerated in Idaho for much of the time the statute of limitations was running and the State failed to serve his arrest warrant sooner.

[6]     We are mindful that Daniels argues the State created its own delay by failing to serve him with an arrest warrant while he was incarcerated locally and thus should not be permitted to refile or appeal outside the statute of limitations. However, while a substantial period passed from filing to service, the circumstances are not apparent in our record. Whether the delay presents some remedy to Daniels other than preventing the appeal is a matter on which we express no opinion.

**III.**

**CONCLUSION**

We conclude that the State may appeal the dismissal of a complaint at the preliminary hearing stage where the statute of limitations has lapsed and the State is therefore without the remedy of refiling the complaint. Accordingly, we reverse the district court's dismissal of the appeal in Docket No. 41997 and remand to the district court. In Docket No. 41998, the statute of limitations had lapsed and, therefore, we affirm the district court's dismissal of the appeal.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**