IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41569

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 362 |
|---|---|---|
| Plaintiff-Respondent, | ) ) ) | Filed: February 19, 2015 |
| v. | ) ) ) | Stephen W. Kenyon, Clerk |
| CHESTER LEE OLSEN, aka CHET OLSEN, PHILLIP OLSEN, NEIL OLSEN, JUSTIN OLSEN, PHILLIP OLSEN NEIL, DARRELL DUANE DYER, DARRELL DYER, TOM SMITH, BILLY ROY NELSON, | ) ) ) ) ) ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Order denying motion for reconsideration of order denying credit for time served, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Chester Lee Olsen appeals from the district court's order denying his motion for reconsideration of the court's previous order denying his Idaho Criminal Rule 35(c) motion to correct the district court's award of credit for time served. We affirm.

## I.

## BACKGROUND

In March 2008 in a Canyon County case, Olsen pleaded guilty to grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1)(b). On July 10, 2008, the district court sentenced Smith to a unified term of ten years with four years determinate, but suspended the sentence and placed Olsen on probation for five years.

1

Two years later, on January 31, 2010, Olsen was arrested in Cassia County on a new felony charge. On February 26, 2010, the Canyon County prosecutor filed a motion to revoke Olsen's probation, alleging that Olsen was in violation of his probation because of his Cassia County criminal conduct. The motion also requested an arrest warrant for Olsen, and on March 3, 2010, the Canyon County district court issued the warrant. Olsen was convicted of the Cassia County charge and was sentenced to a period of retained jurisdiction. On February 1, 2011, during that period of retained jurisdiction, Olsen filed a motion in the Canyon County case requesting that the warrant be quashed. The Canyon County record shows no disposition of this motion. On April 19, 2011, at the end of the Cassia County period of retained jurisdiction, the Cassia County court placed Olsen on probation.

For about two and one-half months, Olsen was at-large on probation for both the Canyon County and the Cassia County offenses until he was arrested on another felony in Minidoka County on July 3, 2011. On July 7, 2011, the Canyon County prosecutor filed a supplemental motion to revoke Olsen's probation, alleging that Olsen was also in violation of his probation because of his Minidoka County criminal conduct. There was no action on that motion. Olsen was convicted of the Minidoka County offense and on September 26, 2011, he was sentenced to a term of imprisonment. On October 4, 2011, Olsen's Cassia County probation was revoked. The Canyon County record shows that Olsen was not transferred to Canyon County to answer for his probation violations on that conviction during this period, or for the following ten months.

In a report of probation violation attached to the Canyon County prosecutor's July 7, 2011, supplemental motion to revoke Olsen's probation, a probation officer stated that she was aware of the outstanding and unserved Canyon County arrest warrant for Olsen. The officer stated that on May 11, 2011, she contacted the Canyon County Sheriff's Office and "was told Canyon County would not extradite from Twin Falls." During the months he was incarcerated on the Minidoka and Cassia County charges, Olsen further personally sought disposition of the outstanding Canyon County motions to revoke his probation. On October 6, 2011, while still at the Cassia County jail, Olsen wrote to the Canyon County prosecutor requesting "that you serve the [Canyon County] warrant on me or dismiss the charges." On October 22, 2011, he wrote to the Canyon County district court requesting a transport order from the Cassia County jail to the Canyon County jail "so I may take care of my probation violation matters." On February 23, 2012, Olsen again wrote to the Canyon County prosecutor stating that he was being held in

custody in the Cassia County jail, that he had an outstanding arrest warrant in Canyon County, that he had no other pending Idaho criminal charges, and requesting "that you serve the [Canyon County] warrant on me at the Cassia County jail or dismiss the charges." The record shows that the Canyon County court personnel also received all of these requests and forwarded each of them to the Canyon County prosecutor and public defender offices, but no action was taken on any of Olsen's requests. On March 1, 2012, Olsen was transferred from the Cassia County jail to the custody of the Idaho Department of Correction.

On June 18, 2012, Olsen, now at the penitentiary, filed another pro se motion for disposition of his Canyon County probation violations, alleging violation of his constitutional rights. The prosecutor responded to this motion by scheduling a disposition hearing. On July 27, 2012, Olsen was transported to the Canyon County court, and on that day a return on the arrest warrant was filed. At a later hearing, Olsen admitted the probation violations. The district court revoked probation and ordered execution of the underlying sentence. In an amended judgment, the district court granted 245 days of credit for time served.

About a year later, Olsen filed an Idaho Criminal Rule 35(c) motion to correct the district court's computation of credit for time served and his affidavit in support. Therein, Olsen contended that he was entitled to 538 days of additional credit, including the time from his arrest in Cassia County on January 31, 2010, until he was released after a period of retained jurisdiction in the Cassia County case on April 19, 2011. The district court denied the motion by order of July 22, 2013.

Olsen did not appeal but instead, on August 29, 2013, filed a motion to reconsider the district court's July 22 order. In his motion, Olsen pared down his request for additional credit to 426 days, all for time incarcerated in Cassia County. Olsen asserted that he was arrested on the Canyon County warrant on April 6, 2011, in Cassia County, and was later released on this hold or warrant on April 19, 2011. He supported this assertion with an uncertified Cassia County "Jail Inmate Charge Summary" document reflecting a "booked date" on the Canyon County charge of April 6, 2011, and a "released date" of April 19, 2011. Olsen further argued that at the time of his July 3, 2011, arrest on the Minidoka County offense, a "hold" was placed upon him for the Canyon County probation violation, which hold did not expire until over one year later when his Canyon County probation was revoked.

3

The district court denied the motion for reconsideration by order entered on October 2, 2013. Olsen filed a timely notice of appeal from that order.

## II.

## ANALYSIS

### A. Jurisdiction

We first address the State's contention that this Court lacks jurisdiction to hear Olsen's appeal from the district court's order denying the motion for reconsideration. The State argues that "because Olsen's appeal is timely only from the district court's October 2, 2013 order denying his motion for reconsideration, his appeal is timely only as to matters actually altered by the denial of such motion." The State reasons that because the district court's denial of Olsen's motion for reconsideration "did not alter or affect in any way" the court's initial order denying the motion for credit for time served, there are no issues from which to appeal, Olsen's appeal is untimely, and this Court lacks jurisdiction to consider it.

The State's argument is without merit. If the State's position were correct, then appeal would never be possible from the denial of a post-judgment motion for reconsideration. By the State's logic, an order denying a Rule 35(b) motion for reduction of a sentence would be unappealable unless it was granted. Likewise, any order denying a Rule 35(c) motion to correct the district court's computation of credit for time served, no matter how erroneous, would be unappealable unless the motion was filed within fourteen days of the judgment and thereby extended the time for appeal from the judgment pursuant to Idaho Appellate Rule 14(a).

The authorities cited by the State merely reject the notion that the entry of an amended judgment starts again the time to appeal all matters encompassed within the original judgment. They do not stand for the proposition urged by the State. In *State v. Payan*, 128 Idaho 866, 920 P.2d 82 (Ct. App. 1996), the judgment of conviction was entered on November 1, 1994, and Payan filed a notice of appeal on December 14, 1994, asserting that his sentence was excessive. That appeal was untimely because it was filed one day late. On February 1, 1995, the district court entered an amended judgment that granted credit on the sentence for prejudgment incarceration. Payan asserted that his notice of appeal was premature rather than untimely because the district court had thereafter amended the judgment. This Court disagreed, stating:

> The appellate rules do not specifically provide that when a trial court adds language to a judgment, concerning matters such as credit for time served or an order of restitution, the addition commences the appeal period anew for all

4

purposes. We decline to adopt such a procedure through interpretation of the rules. If the district court had issued an "order" granting Payan credit for time served, that order would not properly initiate a new appeal period for any of the unaffected terms in the original judgment. The fact that the district court achieved the same end through an "amended judgment" rather than an "order" is a difference without a distinction. The period of appeals for all criminal defendants in this state must be enforced uniformly. The district court's issuance of an amended judgment, which did not alter any of the terms from which Payan now appeals, did not serve to extend the period for filing an appeal or begin that period anew. Consequently, direct review of the judgment of conviction and sentence is precluded. *State v. Wargi*, 119 Idaho 292, 805 P.2d 498 (Ct. App. 1991).

*Payan*, 128 Idaho at 867, 920 P.2d at 83.

In the other case upon which the State relies, *Walton, Inc. v. Jensen*, 132 Idaho 716, 979 P.2d 118 (Ct. App. 1999), the initial judgment awarding damages was later amended only to add an award of costs and attorney fees. We held that because the appeal was timely only from the amended judgment, this Court had no jurisdiction to address appellant's asserted issue regarding the damage award that had been made in the initial judgment and was unaltered by the amended complaint.

Both *Payan* and *Walton* hold that the time to appeal from a judgment begins to run from the time the judgment is entered, and an amendment to the judgment will not restart that appeal period except with respect to any changes made by the amendment. The appeals in those cases failed because in both instances the appellants were not challenging on appeal the alterations that were made to the judgments by the amendments. In neither *Payan* nor *Walton* was there a denial of a post-judgment motion that challenged the content of the original judgment. Neither *Payan* nor *Walton* suggest that orders denying post-judgment motions to amend a judgment are unappealable. Here, Olsen is attempting to raise on appeal an issue that was presented by his motion for reconsideration, and the notice of appeal is timely from the district court's order denying that motion.

As the State makes no other procedural challenge to the appeal or the motion for reconsideration, we turn to the merits.

B. **Credit for Time Served**

Olsen contends that the district court erred in denying his motion for reconsideration by which he sought credit for an additional 426 days of incarceration before his probation was revoked. Olsen seeks credit for thirteen days in the Cassia County jail between April 6, 2011,

when he contends he was served with the Canyon County warrant, until he was "released" on this warrant on April 19, and for incarceration from his July 2, 2011, arrest in Minidoka County until the Canyon County probation charges were resolved, during which time he contends that he was subject to a "hold" because of the Canyon County warrant.

Whether the district court properly applied the law governing credit for time served is a question of law over which we exercise free review. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). We defer to the trial court's findings of fact, however, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Davis*, 139 Idaho 731, 734, 85 P.3d 1130, 1133 (Ct. App. 2003).

Procedures for the arrest of a probationer for probation violations, and credit against the sentence for the resulting incarceration, are set forth in I.C. §§ 19-2602 and 19-2603. Section 19-2602 provides that "if it is proved to the satisfaction of the court that the terms and conditions upon which the defendant was placed on probation by the court or any of them have been violated . . . the court may . . . issue a bench warrant for the rearrest of the defendant." Section 19-2603 then states:

> When the defendant is brought before the court in such case . . . if judgment was originally pronounced but suspended, the original judgment shall be in full force and effect and may be executed according to law, and the time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence, but *the time of the defendant's sentence shall count from the date of service of such bench warrant.*[1]

(emphasis added).

---

[1] The manner of service of an arrest warrant is addressed in Idaho Criminal Rule 4(h)(3) as follows:

> The warrant shall be executed by the arrest of the defendant. The officer need not have the warrant in possession at the time of the arrest, but the officer shall show the warrant to the defendant as soon as possible. A telegraphic or other copy of the warrant of arrest may be used by the officer at the time of the arrest or for the purpose of showing the warrant to the defendant after the defendant's arrest. If the officer does not have the warrant in possession at the time of arrest, the officer shall then inform the defendant of the offense charged and of the fact that a warrant has been issued.

Applying these statutes, we find no error in the district court's denial of Olsen's motion for reconsideration. Olsen's claim that he is entitled to Canyon County credit for time served because he was subject to a "hold" due to the Canyon County warrant from his July 3, 2011, arrest in Minidoka County until his Canyon County probation was revoked has no merit. Under the plain terms of I.C. § 19-2603, a defendant is entitled to credit for time served only from the service of a bench warrant for a probation violation. The Idaho Legislature did not see fit to include in section 19-2603 entitlement to credit when a "hold"[2] is placed on a defendant and Idaho courts are not at liberty to engraft that entitlement into section 19-2603. *See State v. Bitkoff*, 157 Idaho 410, 417-18, 336 P.3d 817, 820-21 (Ct. App. 2014) ("Although an arrest warrant sent to a custodial state could perhaps serve as a detainer . . . if the warrant is not served upon the defendant, credit will not begin to accrue pursuant to I.C. § 19-2603.").[3] Moreover, there is no evidence in the record to support Olsen's bald allegation that such a "hold" existed.

Remaining is Olsen's claim for credit for a thirteen-day period he was jailed in Cassia County in April of 2011. He contends he was served with the Canyon County warrant when he returned to Cassia County on April 6, 2011, after a period of retained jurisdiction on his Cassia County conviction, and he seeks credit for time served from this date until he was allegedly "released" on this warrant on April 19, 2011. The only specific claim of error raised by Olsen concerns a statement made by the district court in its order denying the motion for reconsideration. The district court stated: "This Court has reviewed the underlying file and there is nothing in the file that would indicate the Defendant was arrested on this case on . . . April 6, 2011." Olsen argues this finding of fact is clearly erroneous because he supported his motion

---

[2] The term "hold" is often used as an informal reference to an interstate detainer. A "detainer," as that term is used with reference to the Interstate Agreement on Detainers, I.C. § 19-5001, *et seq.*, is a written communication initiated by one state ("the receiving state") and filed or lodged with a state where an individual is in custody ("the custodial state" or "sending state") asking the custodial state to notify the receiving state of the prisoner's imminent release from custody, to make the prisoner available to the receiving state, or to hold the prisoner after his release for the receiving state. *See* I.C. § 19-5001; *State v. Bronkema*, 109 Idaho 211, 214, 706 P.2d 100, 103 (Ct. App. 1985). Olsen seems to use the term here in a like way, albeit in an intrastate context.

[3] We recognize the anomaly created by the distinction between the warrant merely acting as a "hold," after which no credit would be due, and actual service of the warrant, after which credit would be due.

7

with an uncertified Cassia County "Jail Inmate Charge Summary" document reflecting a "booked date" on the Canyon County charge on April 6, 2011, and a "released date" of April 19, 2011 (the same dates that he was booked and released for the Cassia County charge), and because he asserted in his motion that he was so arrested. Therefore, Olsen reasons, there *is* something in "the file" that would indicate that he was arrested on the Canyon County warrant when he returned to Cassia County on April 6, 2011.

Olsen's parsing of the district court's language is unpersuasive. When the statement is viewed in context, it is clear that the district court meant that *absent Olsen's unsubstantiated assertions*, there was nothing in the court file that would indicate he was arrested on this case on April 6, 2011, a statement that is entirely true. The court found, in substance, that in light of the entire record, Olsen had not demonstrated that he was served with the Canyon County warrant in Cassia County on April 6, 2011. In his motion, Olsen asserted that he was arrested on April 6, but this assertion is unsworn. It is also conclusory in that it includes no recitation of specific facts or details of that supposed service. Olsen primarily relies upon a Cassia County "Jail Inmate Charge Summary" document reflecting a "booked date" and "released date" on the Canyon County charge, but that document is uncertified, vague in nature, and does not specify that a Canyon County warrant was served. At most, it shows that the Cassia County jailers were aware of the Canyon County warrant.

More importantly, Olsen's current claim of service of the arrest warrant in April 2011 is refuted by other information in the record, some of which came directly from Olsen himself. In Olsen's letters and motions to Canyon County in late 2011 and in early 2012, dated well after April 6, 2011, he sought disposition of the outstanding Canyon County motions to revoke his probation and repeatedly requested either *service of the Canyon County warrant* or dismissal of the charges. In none of his filings did Olsen contend that he had already been served with this warrant. In addition, in a report of probation violation attached to the Canyon County prosecutor's July 7, 2011, supplemental motion to revoke Olsen's probation, a probation officer stated that as of May 11, 2011, she was aware of an outstanding and unserved Canyon County arrest warrant for Olsen. Lastly, the history of the proceeding in this case contradicts Olsen's assertions. Olsen does not explain how, if he was arrested on the Canyon County warrant in Cassia County in April 2011, he could have been released from custody by Cassia County

8

without some sort of Canyon County court action.  The record fully supports the district court's finding that the Canyon County warrant was not served until July 2012.

Olsen has shown no error in the district court's order denying his motion for reconsideration of credit for time served.  The order is therefore affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**