# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45097

| | |
|---|---|
| STATE OF IDAHO, | ) 2018 Unpublished Opinion No. 417 |
| | ) |
| Plaintiff-Respondent, | ) Filed: April 9, 2018 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| TRAVIS SHANE ANDERSON, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Amended judgments and sentence, <u>affirmed</u>.

Riggins Law, PA; Paul E Riggins, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Travis Shane Anderson pleaded guilty to first degree kidnapping, Idaho Code §§ 18-4501(1), 18-4502, and aggravated battery, I.C. §§ 18-903, 18-907(1)(a), pursuant to a binding Idaho Criminal Rule 11 plea agreement. On August 12, 2016, the district court entered a judgment of conviction and imposed a unified sentence of thirty-two years, with fourteen years determinate, for first degree kidnapping, and a concurrent sentence of twelve years determinate, for aggravated battery, thus complying with the plea agreement. No appeal was filed. On August 23, 2016, eleven days after the judgment of conviction was entered, Anderson filed a timely I.C.R. 35 motion for reduction of sentence, which the district court denied on October 12, 2016. On February 13, 2017, approximately four months after the district court denied the I.C.R. 35 motion, Anderson filed a motion to clarify credit for time served. On February 8, 2018, the district court

1

issued an amended judgment and sentence giving Anderson credit for 261 days served; no other terms or conditions of the judgment were changed. On February 10, 2018, the district court issued another amended judgment and sentence also giving Anderson credit for 261 days, but specifying the dates Anderson received credit for. On April 19, 2017, Anderson filed a pro se notice of appeal timely only from the amended judgments and sentence. Anderson asserts the district court abused its discretion when it imposed an excessive sentence; specifically by imposing a fourteen-year determinate portion of his sentence. Further, Anderson asserts the district court abused its discretion and acted in manifest disregard of Idaho law when it failed to require a comprehensive mental health evaluation.

Pursuant to Idaho Appellate Rule 21, failure to file a notice of appeal with the clerk of the district court within the time limits prescribed by the appellate rules deprives the appellate courts of jurisdiction over the appeal. Idaho Appellate Rule 14 provides, in part:

> Any appeal . . . may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order, or decree of the district court appealable as a matter of right in any civil or criminal action.

Anderson filed his I.C.R. 35 motion eleven days after the judgment and sentence, at which time the time for filing an appeal was tolled. However, the time began running again when the district court denied Anderson's I.C.R. 35 motion and the order was file stamped on October 12, 2016. I.A.R. 14(a). Thus, Anderson's notice of appeal was timely only from the amended judgments of conviction.

An appeal from an amended judgment is timely only as to matters that are actually altered by the amended judgment. *State v. Payan*, 128 Idaho 866, 867, 920 P.2d 82, 83 (Ct. App. 1996) (holding that when the district court amended the judgment of conviction by adding the credit for time served and did not otherwise change the terms of the original judgment, such amendment did not toll the time for filing an appeal nor did the amended judgment serve to extend the period for filing an appeal or being that period anew).

Anderson does not challenge the credit for time served calculation--the only issue that would be properly before the Court. Anderson's claims on appeal are that the district court abused its discretion when it imposed an excessive sentence and abused its discretion and acted in manifest disregard of Idaho law when it failed to require a comprehensive mental health evaluation. These are claims arising from the original judgment of conviction and are not properly before this

Court; their untimeliness deprives this Court of jurisdiction to address the claims on the merits. As such, this Court affirms the district courts amended judgments and sentence.