## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50605

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 9, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| WILLIAM MERRILL RUSSELL, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Michael J. Whyte, District Judge. Hon. Kent W. Gauchav, Magistrate.

Appeal from an order of the district court, on intermediate appeal from the magistrate court, denying motion to vacate order dismissing intermediate appeal, underline dismissed.

William Merrill Russell, Pocatello, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

William Merrill Russell appeals from an order of the district court, on intermediate appeal from the magistrate court, denying his motion to vacate an order dismissing his intermediate appeal for failure to prosecute. We dismiss this appeal because the district court, and this Court, lack appellate jurisdiction.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2022, following a jury trial, Russell was found guilty of four misdemeanor violations of Idaho Falls City Code Section 7-10-1. On April 18, 2022, although judgment had

1

not yet been entered, Russell filed a notice of appeal. Judgment was subsequently entered on June 3, 2022, following Russell's sentencing hearing.

On July 12, 2022, the State filed a motion to dismiss Russell's appeal, contending the district court did not have jurisdiction because the notice of appeal "was directed at the Idaho Supreme Court" and that Russell failed to comply with the requirements of I.C.R. 54 regarding the transcript. On July 27, 2022, the district court gave Russell notice of its intent to dismiss his appeal unless he filed an amended notice of appeal within twenty-one days correcting the errors regarding the caption of the notice and the transcript requirements. On August 18, 2022, Russell filed an amended notice of appeal.

On September 28, 2022, the district court entered a briefing schedule and notice advising the parties that oral argument was set for January 18, 2023, at 9:00 a.m. On October 24, 2022, the district court held a status conference at which time it reiterated the briefing schedule and the date and time set for oral argument. Briefing from both parties was timely filed; however, Russell failed to appear at oral argument. Based on Russell's failure to appear, the State moved to dismiss the appeal at the scheduled oral argument. The district court took the motion under advisement. On January 24, 2023, the district court granted the State's motion and entered an order dismissing Russell's appeal. On February 3, 2023, Russell filed a motion under I.R.C.P. 60(b)(1) requesting that the district court vacate its order dismissing his appeal. The district court denied Russell's motion. Russell again appeals.

## II.

## STANDARD OF REVIEW

Whether a court lacks jurisdiction is a question of law over which this Court exercises free review. *State v. Daniels*, 158 Idaho 30, 31, 343 P.3d 59, 60 (Ct. App. 2014).

## III.

## ANALYSIS

Russell contends that the district court abused its discretion by "dismissing [his] appeal for what was clearly not a failure to prosecute, but instead was textbook excusable neglect" and by denying his motion to set aside the dismissal. Russell also argues that the district court's order granting the State's motion to dismiss deprived him of his due process rights. The State responds that this Court must dismiss this appeal for lack of jurisdiction because Russell did not timely

appeal from an appealable judgment or order. The State alternatively argues that this Court need not reach the merits of Russell's claims because his opening brief is fatally deficient and that, even if this Court reaches the merits, Russell's claims fail. We hold that the district court lacked appellate jurisdiction.

The failure to timely file a notice of appeal is jurisdictional and requires dismissal of an appeal. I.A.R. 21. An appeal from the magistrate court to the district court may be made from the judgments or orders listed in I.C.R. 54(a)(1), and a notice of appeal must be filed within forty-two days from the date file-stamped by the clerk of the court on the judgment or order being appealed. I.C.R. 54(b)(1)(A). When an appeal is taken from a nonappealable order, it should be dismissed either by motion of the parties or by the court itself for lack of jurisdiction. *Daniels*, 158 Idaho at 31, 343 P.3d at 60.

Russell's initial notice of appeal was not from an appealable judgment or order because no judgment had been entered, orally or in writing, when Russell filed his notice of appeal. Although a notice of appeal can be filed prematurely pursuant to I.A.R. 17(e)(2), that rule only applies in circumstances where the order or judgment appealed from has been pronounced but not reduced to writing. *See State v. Payan*, 128 Idaho 866, 867, 920 P.2d 82, 83 (Ct. App. 1996) (explaining the "language in Rule 17 applies where the trial court rules orally, the notice of appeal is then filed, and the trial court subsequently enters a written judgment"). Because Russell's April 18, 2022, notice of appeal preceded pronouncement of any judgment, it was ineffective for the purposes of conferring appellate jurisdiction.

Russell's amended notice of appeal, filed August 18, 2022, was also ineffective, but for a different reason--it was not timely. In order to be timely, Russell's notice of appeal must have been filed within forty-two days of the entry of judgment. I.C.R. 54(b)(A) (requiring notice of appeal to be filed within forty-two days from the date file-stamped by the clerk of the court on the judgment). The magistrate court entered judgment on June 3, 2022, making Russell's notice of appeal due no later than July 15, 2022. Russell did not, however, file his amended notice of appeal until August 18, 2022, more than one month after appellate jurisdiction expired. Although the district court appeared to believe it had jurisdiction over Russell's intermediate appeal, an appeal filed after the expiration of the filing period must be dismissed for lack of jurisdiction. *See State v. Jensen*, 138 Idaho 941, 944, 71 P.3d 1088, 1091 (Ct. App. 2003).

3

### III.

### CONCLUSION

Russell's notice of appeal was not timely filed. Accordingly, there is no appellate jurisdiction in this case and Russell's appeal is dismissed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.