665 P.2d 190

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Evelyn Elaine FULLER, Defendant-Appellant.**

No. 14066.

Court of Appeals of Idaho.

May 27, 1983.

Rehearing Denied July 1, 1983.

Keith A. Zollinger, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

Forty-three days after entry of a judgment of conviction for second degree murder, Evelyn Fuller appealed a twenty-year fixed sentence contained in the judgment. Under I.A.R. 14, a notice of appeal must be filed "within 42 days" unless an intervening motion has been made which could affect the "findings of fact, conclusions of law or judgment...." No such intervening motion was made in this case. Failure to file a timely notice of appeal is a jurisdictional defect which requires dismissal of the appeal. I.A.R. 21.

In a well-written supplemental brief, Fuller invites our attention to the fact that the judgment of conviction was followed by an order denying a motion under I.C.R. 35, seeking reduction of the sentence. The Rule 35 motion had been filed fifty-seven days after the judgment. A post-judgment order is deemed included in a proper appeal taken from a judgment of conviction. I.A.R. 17(e). However, Rule 17(e) deals with the subject matter scope of an appeal, and does not extend the time for filing a notice of appeal as prescribed in Rule 14.

Neither can we view this appeal as having been taken from the Rule 35 order itself. Such an order is appealable under I.A.R. 11(c)(6), but in this case the Rule 35 motion had not been made—much less de-

cided—when the notice of appeal was filed. We decline to view an untimely appeal from a judgment as a standing appeal from any subsequent order entered upon a motion not yet filed.

Fuller is entitled, if she so chooses, to file in the district court another Rule 35 motion within 120 days following dismissal of this appeal. If such a motion were filed, the district court could obtain an updated report on Fuller's behavior and adjustment to confinement, and could evaluate such information in light of the purposes for which the sentence of imprisonment was originally imposed. *Cf. State v. Greene,* 102 Idaho 897, 643 P.2d 1067 (1982).

This appeal is dismissed.