672 P.2d 247

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Kelly Brian WILSON,
Defendant-Appellant.**

**No. 14472.**

Court of Appeals of Idaho.

Nov. 7, 1983.

Alan Coffel, Homedale, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is a companion case to *State v. Wilson,* 105 Idaho 679, 672 P.2d 247 (Ct.App., 1983) which we also have decided today. The Wilson brothers robbed a store and, during the course of the robbery, Kelly Wilson fatally shot the store proprietor. Both Wilsons pled guilty to first degree murder, robbery and to the use of firearms in the commission of those crimes. Each received a fixed life sentence for the murder, a concurrent indeterminate life sentence for robbery, and a consecutive three-year indeterminate sentence for the use of a firearm.

On this appeal, Kelly Wilson contends that the district court abused its discretion by imposing excessive sentences. He also urges that his presentence report was inadequate in respect to rehabilitation recommendations, thereby depriving the court of information necessary to the proper exercise of sentencing discretion.

■ In *State v. Wilson, supra,* we vacated the sentences which had been imposed upon him and remanded his case for resentencing. We noted that the district judge had adopted a restrictive view of his sentencing choices. We held that a fixed sentence for a term of years less than life was within the judge's sentencing authority for first degree murder. We also clarified the duration of confinement required under a fixed life sentence. We concluded that sentencing discretion should be exercised with full awareness of the applicable alternatives and standards. The same reasoning applies to Kelly Wilson's case. Accordingly, we vacate his sentences and remand this case for resentencing.

■ On remand the district court shall impose sentences which the court, in the sound exercise of its discretion, determines will result in the minimum term of confinement reasonably necessary to accomplish the primary sentencing goal of protection of society, and the related goals of deterrence, rehabilitation and punishment or retribution for wrongdoing. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The fact that we are remanding this case for resentencing in light of clarified legal standards does not mean that we regard the sentences previously imposed upon Kelly Wilson as inappropriate. We do not reach that question today.

■ In view of the remand, we will address Kelly Wilson's contention that his presentence report was inadequate. He argues that the report did not contain a positive plan of rehabilitation, or a sufficient schedule of rehabilitation alternatives, and that these deficiencies deprived the court of pertinent information necessary to the proper exercise of sentencing discretion. We have reviewed Kelly Wilson's presentence report. The report satisfies the requirements of I.C.R. 32. A plan of rehabilitation is not an essential requirement of a presentence report, but such a plan should be included "where appropriate." I.C.R. 32(b)(10). Kelly Wilson made no objection, nor did he request any alterations or corrections to the report, at his sentencing hearing. Particularly, he did not raise the issue of whether a plan of rehabilitation would be "appropriate" in his case. On appeal, we will not review a challenge to a presentence report where the report substantially complies with I.C.R. 32 and where no objection to it was raised at the sentencing hearing. *State v. Wilson, supra; Holmes v. State,* 104 Idaho 312, 658 P.2d 983 (Ct.App.1983).

■ Upon remand the district court may order that the presentence report be updated, to include information relating to the time which has elapsed since the report was written. Such information could include Kelly Wilson's behavior and adjustment to confinement. *State v. Wilson, supra; State v. Fuller,* 104 Idaho 891, 665 P.2d 190 (Ct. App.1983). If Wilson has any objections to the contents of an updated report, including any contents carried over from the original

report, it will be necessary for him to raise those objections before the district judge. They will not be considered for the first time on appeal.

The sentences imposed on Kelly Wilson are vacated. The case is remanded for re-sentencing in accordance with this opinion. The district court has authority to provide for Wilson's continued confinement during the resentencing proceedings. *Cf.* I.C. § 19–2802; I.C.R. 38(b).

BURNETT, J., concurs.

SWANSTROM, Judge, dissenting.

My views of the sentences pronounced in this case are different from my views of the sentences in David Wilson's case. However, my reasons for dissenting in this case are the same as those set out in my dissenting opinion in the companion case of *State v. Wilson,* 105 Idaho 669, 672 P.2d 237 (Ct. App., 1983). Those reasons do not need to be restated here. I would affirm.