# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45547

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

RAUL EDGAR HERRERA,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Boise, September 2018 Term

Filed: November 30, 2018

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Davis F. VanderVelde, District Judge.

The judgment of the district court is affirmed.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Lori A. Fleming argued.

---

BRODY, Justice.

Raul Edgar Herrera challenges the district court's partial denial of his Idaho Criminal Rule 35 motion for correction or reduction of sentence. Following his conviction for first-degree murder, among other charges, Herrera was sentenced to an indeterminate term of life with thirty-five years fixed. Herrera argued that his sentence was illegal because the fixed term was greater than the duration authorized by Idaho Code section 18-4004, the statute governing punishment for murder. The district court rejected this argument and denied Herrera's motion as to that part, but the motion was granted in part due to an illegal sentence for Herrera's separate conviction for second-degree kidnapping. After a hearing was held to correct the kidnapping sentence, the district court entered an amended judgment, from which Herrera appealed. We affirm the district court's decision.

1

# I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 2015, Herrera was convicted by a jury of first-degree murder and second-degree kidnapping. On January 13, 2016, the district court imposed concurrent life sentences for each offense with fixed terms of thirty-five years and twenty years, respectively. Herrera filed an Idaho Criminal Rule 35 motion for leniency. The district court denied the motion, as well as a motion to reconsider that decision. On December 13, 2016, the Court of Appeals affirmed the judgment of conviction in an unpublished per curiam decision. Herrera's subsequent petition for review was denied.

Thereafter, on March 6, 2017, Herrera filed a pro se Rule 35 motion seeking the correction of his allegedly illegal sentences for the murder and kidnapping convictions. During a hearing on the motion, the parties agreed to stipulate to a new kidnapping sentence of a fixed term of twenty years. Herrera conditioned his agreement with a stipulation on the district court concluding that his sentence for the murder conviction was lawful. Alternatively, if that sentence was found unlawful, Herrera stated that he would not agree to the stipulation.

On August 16, 2017, the district court issued an order that granted and denied parts of Herrera's motion. The court first determined that the murder conviction's sentence was lawful under Idaho Code section 18-4004 and denied that part of the motion. As to the kidnapping offense, the court concluded that the sentence was illegal because the indeterminate life portion exceeded the maximum penalty permitted under Idaho Code section 18-4504(2). While acknowledging the parties' stipulation to a new sentence for that offense, the court explained that its finding rendered the original judgment void and therefore a new sentencing hearing was required.

On October 5, 2017, following a resentencing hearing, the district court entered an amended judgment and commitment, wherein it imposed a twenty-year fixed sentence for the kidnapping conviction. The murder sentence was left unchanged. On October 25, 2017, Herrera filed a notice of appeal from the amended judgment.

## II.    STANDARD OF REVIEW

Idaho Criminal Rule 35(a) enables a trial court to correct a sentence that is "illegal from the face of the record" at any time. I.C.R. 35(a). "Whether this rule is implicated generally raises a question of law, for which this Court exercises free review." *State v. Passons*, 163 Idaho 643,

2

645, 417 P.3d 240, 242 (2018) (citing *State v. Clements*, 148 Idaho 82, 84, 218 P.3d 1143, 1145 (2009)).

## III. ANALYSIS

Herrera argues that the district court erred in denying part of his Rule 35 motion in light of this Court's analysis of Idaho Code section 18-4004 in *Booth v. State*, 151 Idaho 612, 262 P.3d 255 (2011). He contends that in *Booth*, this Court interpreted the statute to authorize only life sentences with fixed terms of ten years for convictions of first-degree murder where the death penalty was not sought. Because Herrera was sentenced to life with a fixed term of thirty-five years for his murder conviction, he asserts that his sentence is illegal and that the district court should have granted his motion in full. The State does not respond to this argument, but instead asserts that Herrera's appeal is untimely. The State's argument will be addressed first as it goes to the threshold matter of this Court's jurisdiction. *State v. Wolfe*, 158 Idaho 55, 60, 343 P.3d 497, 502 (2015).

### A. Herrera's appeal was timely.

The State asserts that Herrera's appeal was filed after the mandated forty-two day mark required by Idaho Appellate Rule 14(a). Appellate Rule 14(a) requires the filing of a notice of appeal with the clerk of the district court within forty-two days from the date of any judgment or order of the district court appealable as a matter of right in any criminal action. I.A.R. 14(a). Failure to comply with this time limit removes jurisdiction from the reviewing court and requires a dismissal of the appeal. I.A.R. 21.

As noted above, Herrera filed his notice of appeal from the amended judgment on October 25, 2017. The State argues that Herrera was required to file a notice of appeal directly from the earlier order granting his Rule 35 motion in part within the forty-two day window that followed the order's entry—i.e., between August 16, 2017, and September 27, 2017—and that his appeal from the *amended* judgment exceeded this limitation. Herrera asserts that the timing of his appeal was proper because the entwined nature of his sentences for the kidnapping and murder convictions left issues unresolved until after the amended judgment was entered. We agree with Herrera that he properly appealed from the amended judgment.

Appealable judgments and orders in criminal actions are enumerated in Idaho Appellate Rule 11(c). I.A.R. 11(c). However, none of the eleven options listed under Rule 11(c) address orders *partially* granting post-judgment motions. In this case, the district court's order was an

order only partially granting Herrera's post-judgment motion. Herrera had moved the court to correct the sentences imposed for both his kidnapping conviction and his murder conviction. In granting part of Herrera's motion, the district court explained that the judgment as to the kidnapping conviction was void, which necessitated further proceedings to impose a corrected sentence. Thus, the district court's order effectively left Herrera with a vacated sentence and a suspended judgment as to his kidnapping conviction, i.e., a *partially* granted post-judgment motion.

Initially, it appears that Idaho Appellate Rule 11(c)(9) required Herrera to appeal from the Rule 35 order because Rule 11(c)(9) provides for an appeal as a matter right from "[a]ny order made after judgment affecting the substantial rights of the defendant or the state." However, the district court's Rule 35 order disturbed the very judgment upon which it was predicated. This situation is fundamentally different from one where the district court affirms its original sentence by denying a Rule 35 motion in full, which would be appealable as a matter of right under Rule 11(c)(9). In that context, the denial of the motion resolves all issues, does not affect the underlying judgment, and clearly constitutes an appealable post-judgment order affecting the defendant's substantial rights under Rule 11(c)(9). *See, e.g.*, *State v. Hickman*, 119 Idaho 7, 9, 802 P.2d 1219, 1221 (Ct. App. 1990) (finding appeal timely from district court's reaffirming original sentences through a normally impermissible "renewed Rule 35 motion").

The Idaho Court of Appeals in *State v. Fuller* demonstrated the distinction between a full denial of a Rule 35 motion and a partial denial. 104 Idaho 891, 665 P.2d 190 (Ct. App. 1983). In *Fuller*, the Court of Appeals explained that an order denying a Rule 35 motion would be appropriately appealable pursuant to Rule 11(c)(6), which was an earlier version of the present-day Rule 11(c)(9). 104 Idaho at 891–92, 665 P.2d at 190–91. Consistent with Herrera's argument, however, the *Fuller* Court was addressing a Rule 35 motion that had been denied in full—*Fuller* did not involve a partial grant of the motion, a voided judgment, or further proceedings before the lower court. *But cf. State v. Payan*, 132 Idaho 614, 619, 997 P.2d 228, 233 (Ct. App. 1998) (explaining that a district court is expected to rule upon a Rule 35 motion despite there also being a pending direct appeal, and that any order on the motion can be consolidated into the appeal (citing *State v. Nickerson*, 123 Idaho 971, 974 n.4, 855 P.2d 56, 59 n.4 (Ct. App. 1992))).

4

While Herrera's motion certainly arose in the post-judgment stage and affected his substantial rights, the district court's grant of that motion left work to be done. The district court eventually entered an amended judgment that mirrored the parties' stipulation as to Herrera's new kidnapping sentence; however, there remained the possibility that other appealable issues stemming from Herrera's Rule 35 motion could have arisen from the resentencing hearing. In these circumstances, it is contrary to the interest of justice to require Herrera to have immediately appealed the district court's order despite the uncertainty that existed in the continued proceedings at that level. Therefore, Herrera's appeal is timely and is properly before this Court.

### B. Merits of Herrera's appeal.

Herrera argues that his first-degree murder sentence is illegal because his minimum mandatory sentence for murder was set at more than 10 years. We reject this argument.

Herrera contends that the illegality of his sentence rests in the district court's application of Idaho Code section 18-4004, which reads:

> Subject to the provisions of sections 19-2515 and 19-2515A, Idaho Code, every person guilty of murder of the first degree shall be punished by death or by imprisonment for life, provided that a sentence of death shall not be imposed unless the prosecuting attorney filed written notice of intent to seek the death penalty as required under the provisions of section 18-4004A, Idaho Code, and provided further that whenever the death penalty is not imposed the court shall impose a sentence. If a jury, or the court if a jury is waived, finds a statutory aggravating circumstance beyond a reasonable doubt but finds that the imposition of the death penalty would be unjust, the court shall impose a fixed life sentence. If a jury, or the court if a jury is waived, does not find a statutory aggravating circumstance beyond a reasonable doubt or if the death penalty is not sought, ***the court shall impose a life sentence with a minimum period of confinement of not less than ten (10) years*** during which period of confinement the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct, except for meritorious service. Every person guilty of murder of the second degree is punishable by imprisonment not less than ten (10) years and the imprisonment may extend to life.

I.C. § 18-4004 (emphasis added).

Herrera argues that this Court interpreted Idaho Code section 18-4004 as limiting the minimum period of confinement to 10 years in *Booth v. State*, 151 Idaho 612, 262 P.3d 255 (2011). This contention is incorrect. In *Booth*, this Court was asked to consider section 18-4004 for purposes of an ineffective assistance of counsel challenge. *Id.* at 617–22, 262 P.3d at 260–65. This Court analyzed the statutory text to assess the State's assertion that the defendant had not been prejudiced because his punishment would have been the same for first-degree or second-

degree murder. To completely address this argument, we focused on the last two sentences of the statute, noting first that second-degree murder is "punishable by imprisonment not less than ten (10) years and the imprisonment may extend to life." *Id.* at 622, 262 P.3d 265. For first-degree murder, however, we explained that in cases where the death penalty is not sought "the court is required to impose an indeterminate life sentence with a minimum period of confinement of not less than ten years." *Id.* at 622, 262 P.3d 265. Rejecting the State's argument that punishment would have been the same for either degree of murder, this Court distinguished the two possible punishments as follows: "a defendant convicted of first-degree murder automatically receives an indeterminate life sentence with a fixed term of ten years, while a defendant convicted of second-degree murder only faces a unified term of not less than ten years." *Id.*

Herrera latches onto this final line and argues that it mandates the interpretive conclusion that section 18-4004 *only* allows for fixed terms of ten years for first-degree murder convictions. Given that his fixed term of thirty-five years is greater than ten years, Herrera contends that his Rule 35 motion should have been fully granted because his sentence is illegal. This argument grossly misinterprets Idaho Code section 18-4004.

In examining the plain text of section 18-4004, the statute authorizes fixed terms of "***not less than*** ten (10) years." I.C. § 18-4004 (emphasis added). Inclusion of "not less than" clearly authorizes fixed terms ***greater than*** ten years. As Herrera acknowledges in his brief, and as explained by the district court in its written order denying Herrera's motion, the Court of Appeals has rejected an identical argument to the one made here by Herrera:

> Because I.C. § 18–4004 authorizes "a minimum period of confinement of not less than ten (10) years," Griffith contends that his fixed term may not be more than ten years.
>
> Griffith's argument distorts the meaning of the statute. In substance, he contends that the ten-year *minimum* fixed sentence authorized by the statute is instead a ten-year *maximum* fixed term. The statute actually authorizes for first degree murder a unified sentence of life with a fixed term of any duration between ten years and life.

*State v. Griffith*, 157 Idaho 409, 410, 336 P.3d 816, 817 (Ct. App. 2014).

The lone sentence in *Booth* that Herrera relies upon was merely a comparison of the differing punishments for first- and second-degree murders under section 18-4004; this Court was not directly addressing the limits of fixed sentences in situations such as the one presented here. The statute's language is clear and unambiguous: In first-degree murder cases where the

6

death penalty was not sought, a life sentence shall be imposed with at least a ten year period of confinement; but, nothing in section 18-4004 restricts the district court from imposing more than ten years of confinement. Therefore, the district court did not err in finding that Herrera's first-degree murder sentence was lawful.

## IV.    CONCLUSION

In light of the foregoing, the judgment of the district court is affirmed.

Chief Justice BURDICK, and Justices HORTON, BEVAN, and STEGNER CONCUR.