**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47097**

| | |
|---|---|
| RAUL EDGAR HERRERA, | ) |
| | ) Filed: November 9, 2020 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis VanderVelde, District Judge.

Judgment of the district court summarily dismissing post-conviction petition, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Raul Edgar Herrera appeals from the district court's judgment dismissing his petition for post-conviction relief. Herrera claims that the district court erred by granting the State's motion for summary dismissal of his petition alleging various instances of ineffective assistance of counsel. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2015, a jury convicted Herrera of first degree murder, Idaho Code §§ 18-4001, 18-4002, 18-4003(a), 18-204; robbery, I.C. §§ 18-6501, 18-6502, 18-6503, 18-204; burglary, I.C. §§ 18-1401, 18-204; second degree kidnapping, I.C. §§ 18-4501, 18-4503, 18-204; and aggravated battery, I.C. §§ 18-903(a), 18-907(a), 18-204. The district court sentenced Herrera to concurrent sentences of life with thirty-five years determinate for first degree murder, life with thirty years

1

determinate for robbery, ten years determinate for burglary, life with twenty years determinate for second degree kidnapping, and fifteen years determinate for aggravated battery. Herrera's sentences were affirmed on appeal in *State v. Herrera*, Docket No. 43975, (Ct. App. Dec. 13, 2016) (unpublished). Thereafter, Herrera filed an Idaho Criminal Rule 35 motion to correct an illegal sentence alleging, in part, that his sentence for second degree kidnapping exceeded the statutory maximum. The district court granted Herrera's motion as it related to second degree kidnapping, resentenced Herrera to twenty years determinate for the kidnapping charge, and entered an amended judgment. Herrera appealed from the district court's amended judgment and the Idaho Supreme Court affirmed the district court's judgment in *State v. Herrera*, 164 Idaho 440, 444, 431 P.3d 275, 279 (2018).

In 2018, Herrera filed a pro se petition for post-conviction relief. Herrera was appointed counsel. Through appointed counsel, Herrera filed an amended petition and a second amended petition for post-conviction relief. As relevant to his claims on appeal, Herrera argued that his trial counsel was ineffective for (1) failing to investigate, interview, and present testimony of eye witnesses; (2) failing to request a jury instruction for accessory-after-the-fact in light of Herrera's defense that he was not present but admitted involvement after the crime was committed; and (3) failing to file a timely motion to suppress Herrera's statements to a co-defendant (Cervantes) while in police custody. In addition, Herrera contended that his trial counsel's deficient performance constituted cumulative prejudice. The State moved for summary dismissal of Herrera's second amended petition.

After a hearing, the district court granted the State's motion. As relevant to this appeal, the district court dismissed Herrera's claim that his trial counsel was ineffective for: (1) failing to call certain witnesses because it was not supported by admissible evidence and Herrera did not show that such a decision was not tactical; (2) failing to request an accessory-after-the-fact jury instruction because Herrera did not show that accessory-after-the-fact was a lesser-included offense of the crimes charged and, regardless, Herrera failed to show prejudice; and (3) failing to file a motion to suppress because Herrera did not present evidence of a Fifth Amendment or *Miranda*[1] violation that would have entitled him to suppression of any of his statements. In

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

addition, the district court concluded that Herrera's cumulative prejudice claim failed. Herrera timely appeals.

## II.

### STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho

3

353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

Herrera argues that the district court erred by summarily dismissing his post-conviction petition. Specifically, Herrera claims that he presented prima facie evidence that his trial counsel's performance was ineffective for: (1) failing to investigate, interview, or present testimony from certain witnesses; (2) failing to request an accessory-after-the-fact jury instruction; and (3) failing

4

to file a timely and meritorious motion to suppress. In addition, Herrera claims that his trial counsel's cumulative deficiencies prejudiced Herrera.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). We will address each of Herrera's contentions in turn below.

**A.     Witnesses**

Herrera argues that the district court erred by summarily dismissing his claim that his trial counsel was ineffective for failing to interview, investigate, and present testimony of certain witnesses. Herrera points to two witnesses, which were outlined in a police report that Herrera attached to his petition, and alleges that their testimony would have called the identity of the perpetrator into question because the police report indicates that the two witnesses saw individuals at the crime scene that did not match Herrera's description. Herrera explains that the eyewitnesses' observations directly contradict testimony from two of the State's witnesses, Cervantes and Ghostwolf (the decedent's father and a victim in this case), as to the physical attributes and clothing of the persons involved in the crimes. Herrera alleges that his counsel's failure to investigate and present testimony from these witnesses prejudiced him in light of Herrera's defense that he was at home at the time of the crimes and only aided Cervantes after the crimes had been committed.

5

The first witness that Herrera refers to was unnamed and was referenced by a woman named Cathie in the police report that Herrera relies on in support of his petition. According to the report, Cathie, an acquaintance of the decedent, told officers that Nancy, one of the decedent's neighbors, told Cathie that Nancy's boyfriend told Nancy that at 7:30 a.m. on the day of the murder Nancy's boyfriend saw a man in a black hoodie walking to the back of the decedent's home. The boyfriend also indicated that he saw a large black man and a man in a hoodie walking away from the front of the residence. The second witness in question, Joseph Maurer, was identified in the police report that Herrera attached to his petition. According to the police report, Maurer told officers that "he observed a white male with a white hoodie with red on it walking away from the front door between the cars and the garage door" at approximately 7:55 a.m.

On appeal, the parties argue about whether the police report was admissible evidence that may properly be considered in analyzing summary dismissal of a post-conviction claim. Consistent with case law from this Court, the district court concluded that Herrera's claim was not supported by admissible evidence:

> It is not enough to allege that a witness would have testified to certain events or would have rebutted certain statements made at trial without providing, through affidavit, nonhearsay evidence of the substance of the witness's testimony. *Adams v. State*, 161 Idaho 485, 499, 387 P.3d 153, 167 (Ct. App. 2016). Here, the only evidence presented is hearsay, and multiple layers of hearsay as to the first, unidentified, witness. Further, an argument that witnesses, at least one of which is unnamed, would have testified consistent with the police report is speculative and therefore inadmissible. *See Id*. at 500. Herrera has failed to provide admissible evidence in support of his claim that trial counsel was ineffective for failure to investigate and present the testimony of these two witnesses at trial. Herrera also failed to provide required evidence that the witnesses would have been available to testify and that they would have testified consistently with the information in the police reports. *See Id*. Given these deficiencies, Herrera has not demonstrated either deficient performance or prejudice.

The district court's decision that Herrera's claim failed because the hearsay evidence was not sufficient reflects this Court's traditional rule which states: "It is not enough to allege that a witness would have testified to certain events, or would have rebutted certain statements made at trial, without providing through affidavit, nonhearsay evidence of the substance of the witness's testimony." *Thomas v. State*, 145 Idaho 765, 770, 185 P.3d 921, 926 (Ct. App. 2008). However, on appeal, Herrera relies on a footnote in a recent decision from the Idaho Supreme Court, *Stanfield v. State*, 165 Idaho 889, 454 P.3d 531 (2019), and argues that he presented sufficient admissible evidence because the police report, and the content therein, was admissible for purposes of the

summary dismissal proceeding. We need not analyze the import or applicability of the *Stanfield* footnote as the district court correctly determined that Herrera failed to allege a genuine issue of material fact showing that trial counsel's decision-making relative to the purported witnesses was not tactical.

The decision about what witnesses to call at trial is considered strategic or tactical. *Bagshaw v. State*, 142 Idaho 34, 38, 121 P.3d 965, 969 (Ct. App. 2005). When evaluating an ineffective assistance of counsel claim, this Court does not second-guess strategic and tactical decisions, and such decisions cannot serve as a basis for post-conviction relief unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review. *Pratt v. State*, 134 Idaho 581, 584, 6 P.3d 831, 834 (2000). In addition, "[t]here is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" *State v. Hairston*, 133 Idaho 496, 511, 988 P.2d 1170, 1185 (1999) (internal quotations omitted) (quoting *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988)). The district court concluded that Herrera failed to present evidence that trial counsel's decision was not tactical:

> In addition to the failure to support this claim with admissible evidence, the decision about whether to call a witness is a strategic decision by trial counsel which will not be second guessed unless those decisions were shown to be made upon the basis of inadequate preparation, ignorance of the relative law, or other shortcomings capable of objective evaluation. *State v. Roles*, 122 Idaho 138, 145, 832 P.2d 311, 318 (Ct. App. 1992); *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct. App. 1989). No such showing has been made in this case. For these reasons, claim 1(a) is dismissed.

On appeal, Herrera argues that the district court erred because "there was substantial evidence that trial counsel did not make a strategic decision to fail to call the witnesses." In support of his argument, Herrera points to the fact that counsel made use of the police report at trial. First, Herrera contends that trial counsel elicited testimony from an officer about the witnesses' statements in the police report. The statements Herrera points to include, in part, the following: "Q. So you knew that there had been a report that there was a large black man and a person wearing a hoodie that had been seen leaving the scene? A. I -- I was aware that somebody had made that allegation, yes." Second, Herrera claims that trial counsel discussed the officer's testimony regarding the report during closing arguments. After citing to trial counsel's closing arguments, in which counsel explained that the officer testified that there was evidence of an alternate perpetrator at the scene, Herrera states:

7

Considering the above, there is prima facie evidence that trial counsel did not make a strategic decision to not elicit testimony that was [sic] there was a "large black man and a person wearing a hoodie" who could have committed the murder. Thus, the post-conviction court's conclusion that the decision not to present witnesses about the alternative perpetrators was a strategic decision by counsel is not supported by the record.

We conclude that Herrera failed to present evidence that trial counsel's decision not to call the two witnesses was not strategic or tactical. As an initial matter and as noted by Herrera himself, trial counsel did elicit testimony that there was a "large black man and a person wearing a hoodie" at the scene. Moreover, contrary to Herrera's contention, the district court need not find evidence in the record to support its conclusion that trial counsel's decision whether to call a witness was tactical. It is the petitioner's burden to present evidence to overcome the presumption that counsel's decision was strategic and tactical. *Pratt*, 134 Idaho at 584, 6 P.3d at 834. Here, Herrera did not present any evidence to support his argument that counsel's decision was not strategic or tactical. Herrera concedes that trial counsel did elicit testimony and present argument about the eyewitnesses' allegations. Herrera failed to present evidence showing a genuine issue of material fact that trial counsel's decision was the result of "inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation." *Gabourie v. State*, 125 Idaho 254, 258, 869 P.2d 571, 575 (Ct. App. 1994). The fact that trial counsel elicited testimony from an officer and argued during closing that there was evidence of an alternate perpetrator in the police report shows that the decision not to call the witnesses was tactical. Herrera has failed to overcome the strong presumption that counsel's decision not to call the witnesses was strategic and tactical. Accordingly, the district court did not err in dismissing Herrera's claim that counsel was ineffective for failing to call witnesses.

**B.      Jury Instruction**

Herrera argues that the district court erred by dismissing his claim that his trial counsel was ineffective for failing to request a jury instruction on accessory-after-the-fact. In his post-conviction petition, Herrera alleged:

> Due to [counsel's] failure to request an instruction regarding accessory after the fact, the jury was left with an "all or nothing" decision. Considering Petitioner's frank admissions regarding his involvement after the crimes were committed-- during the time frame in which the decedent's body and evidence of the crimes were disposed of--the jury was not likely to simply acquit Petitioner of all charges. [Counsel's] failure to request ICJI 310 was not a tactical decision. But for [counsel's] deficient performance, there is a reasonable probability, sufficient to

8

undermine confidence in the jury's verdict, that the outcome of the trial would have been different.

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

The district court dismissed Herrera's claim of ineffective assistance of counsel for failing to request an accessory-after-the-fact instruction because accessory-after-the-fact is not a lesser-included offense of the crimes charged, and thus, Herrera would not have been entitled to such an instruction at trial. In addition, the court concluded that even if it was a lesser-included offense, Herrera would not have been entitled to the instruction because he was not charged with that crime and inclusion of that instruction would have exposed Herrera to additional criminal liability, not less.

On appeal, Herrera does not challenge the district court's determination that accessory-after-the-fact is not a lesser-included offense of the crimes charged. Rather, Herrera argues that the district court erred in its analysis because it "does not matter whether Mr. Herrera was not charged with being an [a]ccessory after the [f]act, or even if that was an included offense. Information regarding what constitutes being an accessory after the fact was necessary for the jury's information because that was the defense theory of the case." In response, the State argues that the district court was correct in concluding that accessory-after-the-fact is not a lesser-included offense of any of the crimes charged, and thus, Herrera would not have been entitled to such an instruction at trial. Additionally, the State points out that Herrera's defense to the crimes charged was not that he committed an additional crime (accessory-after-the-fact). Rather, the State claims that Herrera's defense to the crimes charged was that he was not present at the scene of the crime but only learned about their commission afterward. We agree with the State.

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132. In other words, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence." *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). This

9

necessarily includes instructions on the "nature and elements of the crime charged and the essential legal principles applicable to the evidence that has been admitted." *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct. App. 2004). A requested instruction on governing law must be given: (1) where a reasonable view of the evidence would support the defendant's legal theory; (2) where the subject is not adequately covered by other instructions given to the jury; (3) and where the instruction does not constitute an impermissible comment on the evidence. *State v. Fetterly*, 126 Idaho 475, 476-77, 886 P.2d 780, 781-82 (Ct. App. 1994).

We conclude that the district court did not err by summarily dismissing Herrera's claim of ineffective assistance of trial counsel for failing to request an accessory-after-the-fact instruction because Herrera would not have been entitled to such an instruction at trial. Accessory-after-the-fact is not a legal defense to first degree murder, robbery, burglary, kidnapping in the second degree, or aggravated battery. Rather, accessory-after-the-fact is an additional crime for which Herrera was not charged. Thus, an instruction on accessory-after-the-fact was not a material instruction necessary for the jury to determine the defendant's guilt or innocence for the crimes charged and Herrera was not entitled to an instruction on a crime that was not charged. As the Idaho Supreme Court stated in *Rome v. State*, 164 Idaho 407, 417, 431 P.3d 242, 252 (2018):

> [I]f accessory after the fact is not a lesser-included offense of [the crimes charged], then accessory after the fact would remain a separate crime, thereby causing Rome's claim of ineffective assistance of counsel to fail. Rome's argument would fail because, had counsel requested the instruction for a separate crime, it would have exposed Rome to additional criminal liability, rather than less.

Additionally, as the State points out in its brief, Herrera's defense at trial was that he was not the perpetrator of the crimes. Herrera testified that he was not present when the crimes were committed because he was at home. The fact that Herrera also testified and admitted that he committed an additional crime, accessory-after-the-fact, which occurred after the crimes for which he was charged does not support his defense to the crimes charged. Herrera's factual theory of the case (i.e. that he helped Cervantes after the charged crimes were committed) does not entitle him to a legal instruction for accessory-after-the-fact. Moreover, it was not objectively unreasonable for trial counsel not to request a jury instruction that would allow the jury to convict Herrera for an uncharged offense, rather than arguing, as counsel did, that Herrera's conduct did not qualify for conviction for the crimes that were charged. Accordingly, the district court did not err by dismissing Herrera's claim that counsel was ineffective for not requesting an accessory-after-the-fact jury instruction.

### C.    Motion to Suppress

Herrera argues that the district court erred by dismissing his claim that his trial counsel was ineffective for failing to file a timely motion to suppress and failing to raise a meritorious basis for the motion.  In his post-conviction petition, Herrera alleged that his trial counsel's performance was deficient for failing to "timely file the motion to suppress" and failing to "raise as grounds for the motion the violation of Petitioner's Fifth Amendment rights based upon law enforcement allowing Mr. Cervantes to be placed in the interview room with Petitioner" while their conversation was recorded.  Herrera alleged that "[s]uch motion would have been meritorious."  The State responded to Herrera's claim by alleging that Herrera's trial counsel did in fact file a motion to suppress that was considered and denied on its merits.

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance.  *Lint*, 145 Idaho at 477, 180 P.3d at 516.  Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test.  *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

The district court dismissed Herrera's claim, explaining that although "the petition is not clear, it appears" from the authority cited by Herrera (where "both [cases] turned on the fact that prior to being placed together, the defendants had invoked their right to remain silent") that Herrera's argument is that "he had invoked his right to remain silent prior to his conversation with Mr. Cervantes and that the recording of the conversation violated that right."  The district court continued by concluding:

> There is no order with findings, evidentiary hearing transcript, or other form of evidence demonstrating whether Herrera invoked his right to remain silent prior to the videotaped conversation between himself and Mr. Cervantes.  As such, the cases offered by Herrera are inapplicable.
> In sum, there is simply insufficient evidence to demonstrate that either Herrera invoked his Fifth Amendment rights or that the conversation between himself and Mr. Cervantes was a custodial "interrogation" or its functional equivalent.  As in *Arizona v. Mauro*, [481 U.S. 520] *supra*, there is no evidence that Herrera would have felt he was being coerced to incriminate himself in any way.  The Court therefore cannot find that had a motion to suppress been filed on this issue, that it would have been granted.  This claim is therefore dismissed.

11

On appeal, Herrera does not dispute the district court's determination that he presented no evidence that he invoked his right to silence. Instead, Herrera argues that the record presents evidence to support a prima facie claim of ineffective assistance of counsel for failing to move to suppress his statements because Herrera invoked his right to counsel. In response, the State argues that Herrera's claim that he invoked his right to counsel is not preserved for appeal and Herrera did not argue below, like he argues on appeal, that the trial transcript supports his assertion that he invoked his right to counsel. In addition, the State argues that even if Herrera preserved his claim, Herrera's theory is without merit. We agree with the State.

We conclude that the district court did not err by summarily dismissing Herrera's claim that trial counsel was ineffective for failing to file a motion to suppress. First, as the State contends, Herrera's claim is not preserved for appeal. Herrera did not argue below that trial counsel was ineffective for failing to file a motion to suppress on the basis that Herrera's Fifth Amendment rights were violated because, after being Mirandized, Herrera invoked his right to counsel and was thereafter subjected to custodial interrogation by Cervantes. In fact, Herrera's right to counsel was not discussed anywhere in his petition for post-conviction relief or at the summary dismissal hearing. Instead, as the district court indicated, Herrera cited to cases from other jurisdictions where defendants invoked their right to remain silent and later engaged in conversations that the defendants sought to suppress. Based on those cases, Herrera argued that trial counsel was deficient for failing to move to suppress the recordings that were taken after "law enforcement allow[ed] Mr. Cervantes to be placed in the interview room with Petitioner."

Although Herrera points to evidence from the trial transcript that may support his assertion that he invoked his right to counsel before engaging in the recorded conversation with Cervantes, Herrera did not argue that he invoked his right to counsel nor support such an argument with any evidence below. This Court has repeatedly held that issues not raised below will not be considered by this Court on appeal, "and the parties will be held to the theory upon which the case was presented to the lower court." *State v. Hoskins*, 165 Idaho 217, 221, 443 P.3d 231, 235 (2019).[2]

---

[2]     In his reply brief, Herrera confronts the State's preservation challenge by arguing that Herrera preserved his claim that counsel was ineffective for failing to move to suppress Herrera's statements after he invoked his right to counsel because Herrera argued below that he invoked his right to silence and "[a]n invocation of the right to counsel after *Miranda* warnings is an assertion of the [Fifth Amendment's] right to remain silent." However, the commentary in Herrera's reply brief does not square with Herrera's position in the opening brief that "The law governing a

12

Consequently, the district court did not err by summarily dismissing Herrera's ineffective assistance of counsel claim for failing to file a motion to suppress.

Even if preserved, Herrera's claim fails on the merits because it was not supported with admissible evidence. As the State argued in its briefing, the record in this case shows that trial counsel did in fact file a motion to suppress based on the theory that Herrera had invoked his right to counsel in his first interview with detectives and therefore subsequent statements by Herrera should be suppressed. Below, Herrera alleged that the district court dismissed the claim because it was untimely. The State rebutted Herrera's contention arguing that the claim was heard and decided on the merits. The district court found Herrera had not submitted evidence in support of his claims. We agree.

The record shows that trial counsel filed the same motion that Herrera alleged in his petition that counsel was ineffective for failing to file. Herrera did not submit any admissible evidence, such as the trial court's order on the motion to suppress, to show whether the trial court dismissed the claim as untimely or on the merits. On appeal, Herrera argues that it was the State's burden below "to demonstrate the accuracy of its allegation" that the trial judge ruled on the merits of Herrera's motion, and the State failed to do so, therefore, "in the absence of any contrary evidence, Mr. Herrera's allegation that the motion was denied as untimely must be deemed to be true." Contrary to Herrera's contention and in order to overcome summary dismissal, the petitioner is required to support his allegations with admissible evidence. *See Wolf*, 152 Idaho at 67, 266 P.3d at 1172 (explaining that the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal). The district court is not required to accept Herrera's mere conclusory allegations, unsupported by admissible evidence. *Roman*, 125 Idaho at 647, 873 P.2d at 901. Because the record contains the motion that Herrera alleged trial counsel failed to file and Herrera did not support his conclusory allegation that the motion was dismissed on the sole basis that it was untimely, the district court did not err in summarily dismissing Herrera's claim.

---

renewed attempt at interrogation after a suspect invokes the right to counsel differs from the rules governing a second interrogation after invocation of the right to remain silent." Regardless, Herrera's later statement is precisely why this Court requires a party to raise the issue and their position on the issue below in order to preserve an argument for appeal. *State v. Hoskins*, 165 Idaho 217, 221, 443 P.3d 231, 235 (2019). Herrera failed to do so, and thus, has not preserved his claim for appeal.

**D.     Cumulative Prejudice**

Herrera argues that trial counsel's deficient performance resulted in cumulative prejudice. Because we conclude that Herrera's trial counsel was not deficient, Herrera's cumulative prejudice claim fails.

## IV.

## CONCLUSION

The district court did not err by granting the State's motion for summary dismissal. Therefore, the judgment of the district court summarily dismissing Herrera's post-conviction petition is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.